FILED
Massac Co. Circuit Court
1st Judicial Circuit
Date: 8/21/2019 10:30 AM
Sandra M. Riepe

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
MASSAC COUNTY, ILLINOIS

| | |
|---|---|
| NICK COWSER, | ) |
| LAURA POTTS-COWSER, | ) |
| Plaintiffs, | ) |
| vs. | ) NO: 2019L15 |
| FRESZNO LUNDY, | ) |
| and | ) |
| LUNDY TRUCKING, L.L.C., a domestic limited liability corporation, | ) |
| Defendants. | ) |

## COMPLAINT

### COUNT I
(Comparative Negligence)
Nick Cowser v. Freszno Lundy

Now comes the Plaintiff, Nick Cowser, by and through his attorneys, Rich, Rich, Cooksey & Chappell, P.C., and for his cause of action against the Defendant, Freszno Lundy, respectfully represents unto the Court as follows:

1. That on May 11, 2019, the Plaintiff was operating a motor vehicle traveling Southbound on I-24, at milepost 38, in Metropolis, Illinois.

2. That on May 11, 2019, the Defendant, Freszno Lundy, was operating a motor vehicle traveling Southbound on I-24, at milepost 38, in Metropolis, Illinois.

3. That at said time and place, the vehicle operated by the Defendant, Freszno Lundy, struck the rear of Plaintiff's vehicle.

EXHIBIT A

4. That at said time and place, the Defendant committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

- a. The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle of the Plaintiff;

- b. The Defendant drove his vehicle in such a manner as to cause it to strike the rear of the Plaintiff's vehicle;

- c. The Defendant failed to properly apply the brakes of his vehicle;

- d. The Defendant operated his vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway and the condition of said highway, contrary to the provisions of 625 ILCS 5/11-601; and

- e. The Defendant followed the Plaintiff's vehicle more closely than was reasonable and proper having regard for the speed of such vehicle and the traffic then and there upon said highway and the condition of the highway, contrary to the provisions of 625 ILCS 5/11-701(a).

5. That as a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Freszno Lundy, the Plaintiff was injured in one or more of the following ways:

- a. The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to his head, body, and limbs, both internally and externally;

- b. The Plaintiff received injuries to his head;

- c. The Plaintiff received injuries to his neck;

- d. The Plaintiff received injuries to his back;

- e. The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

- f. The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

g.  The Plaintiff has suffered disability as a result of his injuries;

h.  The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

i.  The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Nick Cowser, prays judgment against the Defendant, Freszno Lundy, for a fair and just award in excess of Fifty Thousand Dollars ($50,000.00) plus costs of this suit.

## COUNT II
(Comparative Negligence)
Laura Potts-Cowser v. Freszno Lundy

Now comes the Plaintiff, Laura Potts-Cowser, by and through her attorneys, Rich, Rich, Cooksey & Chappell, P.C., and for her cause of action against the Defendant, Freszno Lundy, respectfully represents unto the Court as follows:

1.  That on May 11, 2019, the Plaintiff was a passenger in a motor vehicle traveling Southbound on I-24, at milepost 38, in Metropolis, Illinois.

2.  That on May 11, 2019, the Defendant, Freszno Lundy, was operating a motor vehicle traveling Southbound on I-24, at milepost 38, in Metropolis, Illinois.

3.  That at said time and place, the vehicle operated by the Defendant, Freszno Lundy, struck the rear of the vehicle in which Plaintiff was a passenger.

4.  That at said time and place, the Defendant committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

   a.  The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle in which Plaintiff was a passenger;

    b.    The Defendant drove his vehicle in such a manner as to cause it to strike the rear of the vehicle in which Plaintiff was a passenger;

    c.    The Defendant failed to properly apply the brakes of his vehicle;

    d.    The Defendant operated his vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway and the condition of said highway, contrary to the provisions of 625 ILCS 5/11-601; and

    e.    The Defendant followed the vehicle in which Plaintiff was a passenger more closely than was reasonable and proper having regard for the speed of such vehicle and the traffic then and there upon said highway and the condition of the highway, contrary to the provisions of 625 ILCS 5/11-701(a).

5.    That as a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Freszno Lundy, the Plaintiff was injured in one or more of the following ways:

    a.    The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to her head, body, and limbs, both internally and externally;

    b.    The Plaintiff received injuries to her head;

    c.    The Plaintiff received injuries to her neck;

    d.    The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

    e.    The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

    f.    The Plaintiff has suffered disability as a result of her injuries;

    g.    The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

    h.    The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Laura Potts-Cowser, prays judgment against the Defendant, Freszno Lundy, for a fair and just award in excess of Fifty Thousand Dollars ($50,000.00) plus costs of this suit.

### COUNT III
(Comparative Negligence)
Nick Cowser v. Lundy Trucking, L.L.C., a domestic limited liability corporation

Now comes the Plaintiff, Nick Cowser, by and through his attorneys, Rich, Rich, Cooksey & Chappell, P.C., and for his cause of action against the Defendant, Lundy Trucking, L.L.C., a domestic limited liability corporation, (herinafter referred to as Lundy Trucking), respectfully represents unto the Court as follows:

1. That on May 11, 2019, the Plaintiff was operating a motor vehicle traveling Southbound on I-24, at milepost 38, in Metropolis, Illinois.

2. That on May 11, 2019, the Defendant, Lundy Trucking, by and through its agent and employee Freszno Lundy, was operating a motor vehicle traveling Southbound on I-24, at milepost 38, in Metropolis, Illinois.

3. That at said time and place, the vehicle operated by the Defendant, Lundy Trucking, by and through its agent and employee Freszno Lundy, struck the rear of Plaintiff's vehicle.

4. That at said time and place, the Defendant, by and through its agent and employee, committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

   a. The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle of the Plaintiff;

   b. The Defendant drove its vehicle in such a manner as to cause it to strike the rear of the Plaintiff's vehicle;

c. The Defendant failed to properly apply the brakes of its vehicle;

d. The Defendant operated its vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway and the condition of said highway, contrary to the provisions of 625 ILCS 5/11-601; and

e. The Defendant followed the Plaintiff's vehicle more closely than was reasonable and proper having regard for the speed of such vehicle and the traffic then and there upon said highway and the condition of the highway, contrary to the provisions of 625 ILCS 5/11-701(a).

5. That as a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Lundy Trucking, by and through its agent and employee Freszno Lundy, the Plaintiff was injured in one or more of the following ways:

a. The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to his head, body, and limbs, both internally and externally;

b. The Plaintiff received injuries to his head;

c. The Plaintiff received injuries to his neck;

d. The Plaintiff received injuries to his back;

e. The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

f. The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

g. The Plaintiff has suffered disability as a result of his injuries;

h. The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

i. The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Nick Cowser, prays judgment against the Defendant, Lundy Trucking, L.L.C., a domestic limited liability corporation, for a fair and just award in excess of Fifty Thousand Dollars ($50,000.00) plus costs of this suit.

### COUNT IV
(Comparative Negligence)
Laura Potts-Cowser v. Lundy Trucking, L.L.C., a domestic limited liability corporation

Now comes the Plaintiff, Laura Potts-Cowser, by and through her attorneys, Rich, Rich, Cooksey & Chappell, P.C., and for her cause of action against the Defendant, Lundy Trucking, L.L.C., a domestic limited liability corporation, (herinafter referred to as Lundy Trucking), respectfully represents unto the Court as follows:

1. That on May 11, 2019, the Plaintiff was a passenger in a motor vehicle traveling Southbound on I-24, at milepost 38, in Metropolis, Illinois.

2. That on May 11, 2019, the Defendant, Lundy Trucking, by and through its agent and employee Freszno Lundy, was operating a motor vehicle traveling Southbound on I-24, at milepost 38, in Metropolis, Illinois.

3. That at said time and place, the vehicle operated by the Defendant, Lundy Trucking, by and through its agent and employee Freszno Lundy, struck the rear of the vehicle in which Plaintiff was a passenger.

4. That at said time and place, the Defendant, by and through its agent and employee, committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

   a. The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle in which Plaintiff was a passenger;

   b. The Defendant drove its vehicle in such a manner as to cause it to strike the rear of the vehicle in which Plaintiff was a passenger;

c.  The Defendant failed to properly apply the brakes of its vehicle;

d.  The Defendant operated its vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway and the condition of said highway, contrary to the provisions of 625 ILCS 5/11-601; and

e.  The Defendant followed the vehicle in which Plaintiff was a passenger more closely than was reasonable and proper having regard for the speed of such vehicle and the traffic then and there upon said highway and the condition of the highway, contrary to the provisions of 625 ILCS 5/11-701(a).

5.  That as a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Lundy Trucking, by and through its agent and employee Freszno Lundy, the Plaintiff was injured in one or more of the following ways:

a.  The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to her head, body, and limbs, both internally and externally;

b.  The Plaintiff received injuries to her head;

c.  The Plaintiff received injuries to her neck;

d.  The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

e.  The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

f.  The Plaintiff has suffered disability as a result of her injuries;

g.  The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

h.  The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Laura Potts-Cowser, prays judgment against the Defendant, Lundy Trucking, L.L.C., a domestic limited liability corporation, for a fair and just award in excess of Fifty Thousand Dollars ($50,000.00) plus costs of this suit.

Respectfully submitted,

/s/ Thomas C. Rich
BY: RICH, RICH, COOKSEY & CHAPPELL, P.C.
Mr. Thomas C. Rich #06186229
Mrs. Kristina D. Cooksey #6299549
Mrs. Michelle M. Rich #6310004
Mr. Aaron J. Chappell #6311028
Attorneys at Law
6 Executive Drive, Suite 3
Fairview Heights, IL 62208
618-632-0044 PHONE
618-632-9749 FAX
tomrich@rrccfirm.com

FILED
Massac Co. Circuit Court
1st Judicial Circuit
Date: 8/21/2019 10:30 AM
Sandra M. Riepe

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
MASSAC COUNTY, ILLINOIS

| | |
|---|---|
| NICK COWSER, | ) |
| | ) |
| LAURA POTTS-COWSER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) NO: 2019L15 |
| | ) |
| FRESZNO LUNDY, | ) |
| | ) |
| and | ) |
| | ) |
| LUNDY TRUCKING, L.L.C., a domestic limited liability corporation, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

Now comes Rich, Rich, Cooksey & Chappell, P.C. attorneys for the Plaintiffs in the above titled action and at the time of the filing of this Complaint have reasonable grounds to believe that the damages to the Plaintiffs as a result of the injuries sustained herein will be in excess of Fifty Thousand Dollars ($50,000.00).

8/21/2019          /s/ Thomas C. Rich
Date               BY: RICH, RICH, COOKSEY & CHAPPELL, P.C.
                   Mr. Thomas C. Rich #06186229
                   Mrs. Kristina D. Cooksey #6299549
                   Mrs. Michelle M. Rich #6310004
                   Mr. Aaron J. Chappell #6311028
                   Attorneys at Law
                   6 Executive Drive, Suite 3
                   Fairview Heights, IL 62208
                   618-632-0044 PHONE
                   618-632-9749 FAX
                   tomrich@rrccfirm.com

Page 1 of 1

FILED
Massac Co. Circuit Court
1st Judicial Circuit
Date: 8/28/2019 4:46 PM
Sandra M. Riepe

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT OF MASSAC COUNTY FOR THE STATE OF ILLINOIS

CIVIL ACTION NO: 2019L15

In the Matter of:
NICK COWSER and LAURA
POTTS-COWSER

Plaintiffs,

Vs.

LUNDY TRUCKING, LLC , a domestic limited
liability corporation, et al

Defendants,

## AFFIDAVIT OF JIM GOSWICK

Before me personally appeared, Jim Goswick, an agent authorized to serve process in the State of Georgia, and to me known to be the person who has executed this Affidavit of Service, and after being placed under oath, testified to the following:

On August 26, 2019 I traveled to 261 Pebble Hollow Drive, Milledgeville, Baldwin County, Georgia, the residential address of Freszno Lundy as registered with the Baldwin County Georgia Tax Assessor's website. At 6:30 p.m. I notoriously served defendant, Freszno Lundy with a summons and complaint by personally serving his spouse, Shelia Lundy.

James M. Goswick

Sworn to and subscribed before me this 28th of August, 2019



Notary Public
State of Georgia

FILED
Massac Co. Circuit Court
1st Judicial Circuit
Date: 8/28/2019 4:46 PM
Sandra M. Riepe

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT OF
MASSAC COUNTY FOR THE STATE OF ILLINOIS

CIVIL ACTION NO: 2019L15

In the Matter of:
NICK COWSER and LAURA
POTTS-COWSER

Plaintiffs,

Vs.

LUNDY TRUCKING, LLC, a domestic limited
liability corporation, et al

Defendants,

## AFFIDAVIT OF JIM GOSWICK

Before me personally appeared, Jim Goswick, an agent authorized to serve process in the State of Georgia, and to me known to be the person who has executed this Affidavit of Service, and after being placed under oath, testified to the following:

On August 26, 2019, I traveled to 261 Pebble Hollow Drive, Milledgeville, Baldwin County, Georgia the business address of Lundy Trucking, LLC listed with the Georgia Secretary of State. At 6:30 p.m., I notoriously served Defendant, Lundy Trucking, LLC, with a summons and complaint by personally serving Shelia Lundy at the business address.

James M. Goswick

Sworn to and subscribed before me this 28th of August, 2019

_____
Notary Public
State of Georgia

